09-2945-pr
Stephen v. Hanley

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE
32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A
PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH
THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A
COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand ten.

PRESENT:  GERARD E. LYNCH,
          DENNY CHIN,
               Circuit Judges.[*]

- - - - - - - - - - - - - - - - - - - - - - -

SEAN STEPHEN and DARYL STEPHEN,

               Plaintiffs-Appellants,

               v.

JOHN HANLEY, Police Officer #13199; EDGAR
BOURDON, Police Officer #30988; RLENDEAU,          09-2945-pr
Supervisor; ILIADIS, Police Officer; BRILL,
Police Officer; COLEMAN, Police Officer;
WHITE, SST., Supervisor; TOOL TEAM; NYC
Police Sergeant HERNANDEZ; Police Officer
DEREK DUNSTON; MILLER; CITY OF NEW YORK;
and WARMOTH, Officer,

               Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - -

---

[*]     At the time of oral argument, Judge Chin was a District Judge sitting by designation.  The Honorable Rosemary S. Pooler was originally a member of this panel, but did not participate in the consideration of this appeal.  The two remaining members of the panel are in agreement and have determined the matter.  See 28 U.S.C. § 46(d); 2d Cir. I.O.P. E; United States v. Desimone, 140 F.3d 457 (2d Cir. 1998).

FOR APPELLANTS:        DAVID MCGILL (Joseph De Simone, on the brief), Mayer Brown LLP, New York, New York.

FOR APPELLEES:        SUSAN B. EISNER (Stephen J. McGrath, Afsaan Saleem, and Caroline Chen, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs Sean Stephen and Daryl Stephen appeal from a final judgment entered after a jury verdict on their 42 U.S.C. § 1983 claims alleging excessive force in violation of the Fourth Amendment. We assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

Early on July 10, 2002, Sean Stephen and his fourteen-year-old son were sleeping in a Brooklyn apartment. Police officers forcibly entered the premises pursuant to a search warrant. Plaintiffs alleged that the officers used excessive force against them. The jury found in favor of defendants, except that it awarded nominal damages to Daryl Stephen against defendant Brill. Judgment was entered accordingly.

On appeal, plaintiffs contend that the district court erred by (1) refusing to instruct the jury on a law enforcement officer's affirmative "duty to intervene" to prevent constitutional violations committed by other officers in their presence; (2) declining to excuse two jurors for cause; and (3) overruling three out of plaintiffs' four Batson objections to defendants' peremptory strikes against African-American members of the panel.

With respect to the district court's refusal to give a "duty to intervene" jury instruction, we affirm.  We see the issue not as whether a police officer has a duty to intervene, but whether the district court abused its discretion in declining to permit plaintiffs to introduce a new theory of liability at trial.  Plaintiffs' fourth amended complaint did not give defendants notice that plaintiffs intended to pursue a "duty to intervene" theory of liability, and thus plaintiffs' proposed jury instruction would have introduced a new claim to the case. In essence, plaintiffs were seeking leave to amend their complaint as trial was about to commence.  We find no abuse of discretion in the trial judge's decision to deny plaintiffs leave to introduce a new theory of liability at that late juncture in the proceedings.  See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 108 (2d Cir. 2007) (denial of leave to amend reviewed for abuse of discretion).

Although plaintiffs now argue that it was "impossible" for them to identify their specific attackers, and that a "duty to intervene" charge was therefore essential to their ability to recover from defendants, plaintiffs' fourth amended complaint -- which was drafted by counsel (plaintiffs' prior attorney) -- did not proceed on this theory. Instead, the fourth amended complaint made specific factual allegations regarding each defendant's individual actions -- for instance, it alleged that "defendant Iliadis struck plaintiff Sean Stephen with a baton"; "defendant Hayden struck plaintiff Sean Stephen in his jaw with a closed fist"; and "defendant Miller tightly handcuffed [plaintiff] Sean Stephen . . . and deliberately pushed him into a wall." Plaintiffs alleged no facts in the pleading to suggest that it was difficult to ascertain each defendant's role in the assaults or that they intended to proceed on a "duty to intervene" theory of liability.

Furthermore, while it is true that plaintiffs raised this issue some eight weeks before trial by including a "duty to intervene" charge in their proposed jury instructions, defendants objected to the proposed charge, and neither side brought the issue to the district court's attention until the final pre-trial conference, just a few days before the beginning of trial. The trial judge's decision not to permit plaintiffs to introduce a new theory of liability at that point, on the grounds that

defendants would be prejudiced by such a late amendment, was well within her discretion.

As for the plaintiffs' argument that certain jurors should have been excused for cause, we note that "[t]he process of empaneling a jury is firmly entrusted to the sound discretion of the trial judge and will not be disturbed absent an abuse of this discretion."  United States v. Rubin, 37 F.3d 49, 54 (2d Cir. 1994).  The trial judge questioned the two challenged jurors about their potential biases in detail.  Based on their responses, she determined that the jurors could be fair and impartial.  Her determinations were not clearly erroneous.  In any event, one of the jurors in question was eventually removed from the panel by a peremptory challenge.  See Ross v. Oklahoma, 487 U.S. 81, 88 (1988) ("So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.").  As for the other juror, when the district court ruled that it would seat her because "she is fairly committed to try to be fair and impartial and not to make any decision before the evidence is in," plaintiffs' counsel said, "I agree."  See United States v. Ragland, 375 F.2d 471, 475 (2d Cir. 1967) ("Failure to object to the composition of the jury has long been held to result in a waiver of the right of the accused to be heard by an impartial jury.").

Finally, with regard to the <u>Batson</u> challenges, a trial court's determination, under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), as to the existence of discriminatory intent in the exercise of peremptory challenges -- or the lack thereof -- is a factual determination that should be set aside only if "clearly erroneous." <u>Hernandez v. New York</u>, 500 U.S. 352, 369 (1991). The trial judge questioned defense counsel about their use of peremptory strikes against African-American jurors. She determined that counsel were not motivated by impermissible racial bias. The trial judge was in the best position to assess demeanor and credibility, <u>see</u> <u>United States v. Breen</u>, 243 F.3d 591, 598 (2d Cir. 2001), and we find no reason to overturn her determinations.

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court